IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


FRANCIS ROY, M.D.                )
                                 )
        v.                       )       NO. 3:11-0152
                                 )
THE STATE OF TENNESSEE, et al.   )



TO:     Honorable Todd J. Campbell, Chief District Judge



R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered February 22, 2011 (Docket Entry No. 2), this civil action was referred to

the Magistrate Judge, pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C.

§§ 636(b)(1)(A) and (B), for entry of a scheduling order, for decision on all pretrial, nondispostiive

motions, and for report and recommendation on all dispositive motions.

Presently pending are the Motion to Dismiss filed by Defendants State of Tennessee,

Tennessee Board of Medical Examiners, Neil Beckford, Dennis Higdon, and Charles White (Docket

Entry No. 12) and the Motion to Dismiss filed by Defendant David Hassell (Docket Entry No. 17).

The Plaintiff has filed responses in opposition to the motions. See Docket Entry Nos. 20, 21, 30, and

31. For the reasons set out below, the Court recommends that the motions be granted and this action

be dismissed.

# I. BACKGROUND

The Plaintiff was a practicing physician in the State of Tennessee. On July 17, 2007, his medical license was revoked by the Tennessee Board of Medical Examiners ("the Board") after an administrative hearing that was conducted on May 16, 2007, and July 16, 2007. In addition to revocation of his license, the Board required the Plaintiff to surrender his Drug Enforcement Administration certificate and required that he pay a $28,000.00 fine and take two medical refresher courses prior to seeking reinstatement of his medical license.[1] The Plaintiff thereafter filed a petition with the Chancery Court of Davidson County, Tennessee for judicial review of the decision asserting that his Due Process rights under both the U.S. Constitution and the Tennessee Constitution had been violated and that the Tennessee Administrative Procedures Act and the Tennessee Rules of Civil Procedure had also been violated. One of the specific claims made by the Plaintiff in his petition was that he had not been given proper notice of the video deposition of the Board's expert, Dr. David Hassell. The deposition was later entered into evidence at the hearing over the plaintiff's objection.

On February 29, 2008, the Chancery Court affirmed the decision of the Board, and later re-affirmed its decision on June 24, 2008, upon the Plaintiff's motion to alter or amend its prior judgment. The Chancery Court found that the Plaintiff had waived any claim based on the use of the deposition because of his failure to timely object to the deposition. The Plaintiff then appealed the matter to the Tennessee Court of Appeals which affirmed the lower court's decision on July 24, 2009. Roy v. Tennessee Bd. of Med. Exam'rs, 310 S.W.3d 360 (Tenn. Ct. App. 2009). The Plaintiff's application to the Tennessee Supreme Court for permission to appeal was denied on February 22, 2010.

---

[1] The decision from the Board revoking the Plaintiff's medical license has not been provided to the Court by any of the parties.

On February 22, 2011, the Plaintiff filed the instant action pro se against the State of Tennessee, the Board, Board members Charles White, Dennis Higdon, and Neal Beckford, and David Hassell. The individual defendants are sued in both their individual and official capacities. The Plaintiff does not set forth a statutory basis for federal jurisdiction, but contends that this Court has jurisdiction because he has exhausted his claims in the state courts and because he asserts claims under 42 U.S.C. § 1983. See Complaint (Docket Entry No. 1), at 2. The Plaintiff asserts federal and state Due Process claims, a claim for "negligence per se" based on alleged violations of Tennessee statutory laws, and a claim for defamation based on a statement about his license revocation that he contends was on the Board's website on June 26, 2010. Id. at 8-9. As relief, the Plaintiff seeks compensatory and punitive damages, the restoration of his medical license, an order prohibiting the Board from enforcing its decision, and order requiring the Board to reverse the fine and other conditions required prior to reinstatement of the Plaintiff's medical license, and the removal of any erroneous information about the Plaintiff from the Board's website, the State of Tennessee website, and the "NPDB." Id. at 9-10.

In lieu of answers, the Defendants have filed the pending motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] The State of Tennessee, the Board, and Beckford, Higdon, and White in their official capacities argue that the Plaintiff's claims for damages are barred by the Eleventh Amendment and sovereign immunity and that, further, they are not

---

[2] Defendant Hassell also files his motion under Rules 12(b)(3), 12(c), and 8(c) of the Federal Rules of Civil Procedure. However, his reliance on these rules is unfounded. Rule 12(b)(3) provides for a challenge to the venue of an action, a defense which Defendant Hassell does not actually argue in his motion. Rule 12(c) provides for seeking a judgment on the pleadings, a motion which is not applicable because Defendant Hassell has not filed an answer to the complaint. Finally, Rule 8(c) does not itself provide a basis upon which a motion to dismiss can be filed. In addition, Defendant Hassell failed to file a memorandum in support of his motion as required by Local Rule 7.01. However, the other defendants had already addressed in their memorandum the arguments for dismissal raised by Defendant Hassell.

"persons" for the purposes of any claim brought under 42 U.S.C. § 1983. They also assert that the complaint is barred by the statute of limitations and by the Rooker-Feldman Doctrine. Finally, defendants Beckford, Higdon, and White in their individual capacities contend that they are protected from suit for monetary damages by quasi-judicial immunity. Defendant Hassell argues that any claims against him are based on statements he made in his capacity as an expert witness and are barred by absolute witness immunity. He further asserts that the complaint is barred by the statute of limitations and the Rooker-Feldman Doctrine.

In his responses, the Plaintiff concedes that his claims against the State of Tennessee and the Board should be dismissed. However, he disputes that dismissal of the individual defendants is warranted based on any of the arguments raised by the individual defendants and sets out 16 federal and state laws which he contends were violated by the Board's proceedings against him.[3]

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the Plaintiff's favor, and construe the complaint liberally in favor of the pro se Plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the Plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation

---

[3] Although the Plaintiff filed three separate responses to the motions to dismiss, see Docket Entry Nos. 20, 30, and 31, his third response (Docket Entry No. 31), is identical to his first response (Docket Entry No. 20) in all respects except for the inclusion of Defendant Hassell in the introductory paragraph and a reference to the alternative statutory basis upon which Defendant Hassell filed his motion. See Docket Entry No. 31, at 1.

of the elements of a cause of action." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating <u>Conley v. Gibson</u>, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). <u>See</u> <u>also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. __, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. <u>Twombly</u>, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. <u>Id.</u>; <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. <u>See</u> <u>Gregory v. Shelby County</u>, 220 F.3d 433, 446 (6th Cir. 2000).

## III. CONCLUSIONS

### A. Defendants State of Tennessee and the Board

In his responses to the motions to dismiss, the Plaintiff concedes that the Eleventh Amendment bars his federal and state claims against the State of Tennessee and the Board and that neither of these defendants is a "person" for the purposes of his Section 1983 claims. <u>See</u> Docket Entry No. 20, at 11; Docket Entry No. 31, at 11. Accordingly, the motion to dismiss should be granted as to these two defendants and they should be dismissed from the action.

### B. Defendant David Hassell

The motion of Defendant David Hassell should be granted and Hassell should be dismissed from the action. First and foremost, the Plaintiff's factual allegations simply fail to support a claim for relief against Defendant Hassell. The Plaintiff's own complaint fails to include Defendant Hassell

in the alleged wrongdoings contained in the three causes of action set out in the complaint, which are directed specifically at the Board and the members of the Board, see Docket Entry No. 1, at 8-9, and the alleged facts of the complaint, even if liberally construed, do not support a claim against Hassell based on any of these causes of action. Further, the Plaintiff does not set forth a plausible legal claim against Defendant Hassell based upon his disagreement with the content of Defendant Hassell's deposition testimony. In short, the Plaintiff has not alleged any facts upon which a legal claim can be stated against Defendant Hassell.

Additionally, it is well-settled that witnesses in court proceedings are absolutely immune from civil rights claims brought against them based upon their testimony. See Briscoe v. LaHue, 460 U.S. 325, 330-31, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); Spurlock v. Satterfield, 167 F.3d 995, 1001 (6th Cir. 1999). Defendant Hassell's only involvement in the matter in question is that he provided an expert deposition which was used in the hearing before the Board. This type of testimony is protected by absolute witness immunity. See Lewis v. Drouillard, 2010 WL 3464308, *3 (E.D.Mich. Aug. 30, 2010) (witness immunity applies to deponent who provided a deposition for use in a workers' compensation proceeding). The Plaintiff's arguments that absolute witness immunity does not apply to Defendant Hassell are unpersuasive and meritless.


C. Claims against Defendants Beckford, Higdon, and White

The Plaintiff's claim that Defendants Beckford, Higdon, and White violated his federal Due Process rights warrants dismissal for a multitude of reasons.

Initially, this Court is precluded by the Rooker-Feldman doctrine from reviewing any challenge by the Plaintiff to the sufficiency of due process afforded him by the Board and its members in the medical license revocation proceedings. The Rooker–Feldman doctrine is derived

from two Supreme Court cases, <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). In general, the doctrine provides that a federal district court lacks subject matter jurisdiction to conduct an appellate review of a state court decision. <u>Lawrence v. Welch</u>, 531 F.3d 364, 368 (6th Cir. 2008); <u>Pittman v. Cuyahoga Cnty. Dep't of Children and Family Servs.</u>, 241 Fed.Appx. 285, 287 (6th Cir.2007). In summarizing the doctrine, the Supreme Court stated:

> The <u>Rooker–Feldman</u> doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

<u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

The Plaintiff's contention that the Board and its members violated Due Process, as well as state laws, essentially seeks review by this Court of the underlying state court actions which affirmed the decision of the Board. Such claims fall squarely into the realm of claims barred from review by <u>Rooker-Feldman</u>. <u>See</u> <u>In re Squire</u>, 617 F.3d 461, 465 (6th Cir. 2010); <u>Lawrence</u>, <u>supra</u>; <u>Wilde v. Ohio Veterinary Med. Licensing Bd.</u>, 31 Fed. Appx. 164, 2002 WL 261825 (6th Cir. Feb. 21, 2002) (Section 1983 action challenging revocation of veterinary license barred by <u>Rooker-Feldman</u>).

The Plaintiff's attempt to portray his action as one that falls outside the reach of <u>Rooker-Feldman</u> preclusion because he does not seek only to overturn the state court decisions is unavailing. In the Plaintiff's responses to the Defendants' motions to dismiss, he disavows that he makes any requests for injunctive relief in the instant action, presumably to remove any appearance that he is seeking relief which requires the decision of the Board to be overturned. <u>See</u> Docket Entry No. 20, at 10; Docket Entry No. 31, art 10. However, in his complaint he specifically requests the restoration

of his medical license, an order prohibiting the Board from enforcing its decision, and an order requiring the Board to reverse the fine and other conditions required prior to reinstatement of the Plaintiff's medical license.  See Complaint at 9-10.  For this Court to award such relief would require it to overturn the decision of the state appellate court that heard the Plaintiff's challenges to the Board's decision in the first instance, an act which is precluded by Rooker-Feldman. .

The Plaintiff also contends that his allegations that state and federal laws have been violated removes his action from the scope of Rooker-Feldman preclusion.  Id.  However, any such claims were available to be raised by the Plaintiff in an attempt to have the decision of the Board overturned in the state courts.  The current action is not an avenue to raise in the first instance claims that he should have pursued in the state court.  Further, any new claims made by the Plaintiff that the Board and its members violated federal and state laws in a manner which calls into question the legal validity of the Board's decision  are simply not independent of the state court judgment upholding the Board's decision.  As such, these claims are likewise barred by Rooker-Feldman.  See Abbott v. Michigan, 474 F.3d 324, 330 (6th Cir.2007).

Irrespective of  the  preclusion  required by Rooker-Feldman, the Plaintiff's claims for damages from Defendants Beckford, Higdon, and White would warrant dismissal for additional reasons.

To the extent that these defendants are sued in their individual capacities for actions they took as members of the Board regarding the Plaintiff's medical license, they are protected from liability because of absolute quasi-judicial immunity.  It is settled law within the Sixth Circuit that quasi-judicial immunity provides members of the Tennessee Board of Medical Examiners with immunity when sued individually for damages in connection with actions undertaken to revoke or suspend a physician's medical license.  See Watts v. Burkhart, 978 F.2d 269 (6th Cir. 1992) (en banc).  See also

Williams v. Michigan Bd. of Dentistry, 39 Fed. Appx. 147, 2002 WL 927019, (6th Cir. May 7, 2002) (quasi-judicial immunity applies to members of Michigan Board of Dentistry for actions taken in suspension proceedings).  The Plaintiff fails to set forth any legal basis for why the rule in Watts should not apply to the instant case, and his attempt to factually distinguish his case from the facts involved in Watts based on the nature of the proceedings before the Board in the two cases is misguided.  The protection of quasi-judicial immunity to members of the Board is a broad immunity and does not hinge upon the specific facts or the charges that are part of the revocation proceedings that were before the Board.

To the extent that Defendants Beckford, Higdon, and White are sued for damages in their official capacities as members of the Board, the Plaintiff's claims are essentially claims against the Board and the State of Tennessee.  See Cady v. Arenac Cnty., 574 F.3d 334, 344 (6th Cir. 2009).  In an official capacity action, a plaintiff seeks damages not from the individually named defendant, but from the entity for which the defendant is an agent,  Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir. 1993), and  "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity."  Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

However,  the Eleventh Amendment bars a plaintiff from suing a state, a state agency, or any of its employees in their official capacities for monetary damages on civil rights claims brought under Section 1983 unless the state has waived its sovereign immunity by consenting to such a suit.  Graham, 473 U.S. at 169; Turker v. Ohio Dept. of Rehab. &  Corr., 157 F.3d 453, 456 (6th Cir. 1998).  Tennessee has not consented to being sued under Section 1983.  See Berndt v. State of Tenn., 796 F.2d 879, 881 (6th Cir. 1986).  Additionally, neither a State nor an official acting in his official capacity is a "person" for the purposes of a suit brought under Section 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2311-12, 105 L.Ed.2d 45 (1989); Hardin v. Straub, 954

F.2d 1193, 1198 (6th Cir. 1992). Accordingly, the Plaintiff's damage claims against the Defendants in their official capacities is subject to dismissal because such claims do not state a claim upon which relief can be granted.

## D. The Plaintiff's Negligence and Defamation Claims (Counts 2 and 3)

Although this Court is likely precluded from reviewing Count 2 by Rooker-Feldman for the reasons set out infra, Count 3 alleges a claim which is arguably independent from the state court judgments upholding the Board's decision and thus would appear to fall outside the scope of Rooker-Feldman preclusion. However, dismissal of both of these claims is warranted because both counts assert only violations of state law and the Court should decline to exercise jurisdiction over these claim.

Upon the dismissal of the Plaintiff's Section 1983 claims, the Court no longer has original jurisdiction[4] over claims brought by the Plaintiff and the provisions of 28 U.S.C. § 1367(c) apply. This section provides that:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection(a) if --
>
> . . . .
>
> (3) the district court has dismissed all claims over which it has original jurisdiction,

The decision of whether to retain jurisdiction over state law claims upon the dismissal of the federal law claims asserted in an action is left to the broad discretion of the Court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350-52, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); Musson

---

[4] The Complaint fails to set out any facts supporting diversity jurisdiction under 28 U.S.C. § 1332.

Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1254 (6th Cir. 1996). In considering whether to continue to exercise supplemental jurisdiction over such state law claims, the Court must consider the provisions of Section 1367(c) and the factors the United States Supreme Court outlined in Cohill, 484 U.S. at 350-51, and United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). These factors include judicial economy, convenience, fairness, and comity. Cohill, 484 U.S. at 350. Although not mandatory or absolute, the general rule is to decline to exercise jurisdiction over supplemental state law claims when all federal claims are eliminated from a case before trial. Musson, 89 F.3d at 1254-55 (gathering cases from the Sixth Circuit Court of Appeals that follow the general rule). In the instant action, the balance of factors weighs in favor of dismissal of the Plaintiff's state law claim without prejudice so they can be pursued in the state courts if he so wishes.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Motion to Dismiss filed by Defendants State of Tennessee, Tennessee Board of Medical Examiners, Neil Beckford, Dennis Higdon, and Charles White (Docket Entry No. 12) and the Motion to Dismiss filed by Defendant David Hassell (Docket Entry No. 17) be GRANTED. The Plaintiff's Section 1983 claims should be DISMISSED WITH PREJUDICE, and the Plaintiff's state law claims should be DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which

objection is made.  Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET  GRIFFIN
United States Magistrate Judge